UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Jiangsu Alcha Aluminum Co., Ltd., and<br>Alcha International Holdings Limited,<br><br>                    Plaintiffs<br><br>      v.<br><br>UNITED STATES,<br><br>                    Defendant | Court No. 22-00290 |

## COMPLAINT

Plaintiffs Jiangsu Alcha Aluminum Co., Ltd., and Alcha International Holdings Limited (Collectively known as "Alcha Group"), by and through their attorneys, allege and state:

## ADMINISTRATIVE DETERMINATION CONTESTED

1. Plaintiffs challenge the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the second administrative review ("AR2") of the countervailing duty ("CVD") order on common alloy aluminum sheet from the People's Republic of China ("China") covering the period January 1, 2020, through December 31, 2020, published as *Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 54,462 (September 6, 2022) ("*Final Results*").

2. The Department's final determinations, findings, and conclusions are set out primarily in the August 30, 2022 "Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Common Alloy Aluminum Sheet from the People's Republic of China; 2020 (August 30, 2022) ("Final Decision Memo").

## JURISDICTION

3. The Alcha Group brings this action pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2). The Alcha Group contests the Department's Final Results generally and specifically as applied to the Alcha Group. This Court has jurisdiction under 28 U.S.C. § 1581(c).

## STANDING

4. Plaintiff Jiangsu Alcha Aluminum Co., Ltd. ("Jiangsu Alcha"), a Chinese corporation, is a producer of subject common alloy aluminum sheet ("CAAS") exported to the United States. Plaintiff Alcha International Holdings Limited ("Alcha International"), a Hong Kong corporation, is an exporter of CAAS produced by Jiangsu Alcha. Jiangsu Alcha and Alcha International are interested parties under Sections 516A(f)(3) and 771(9) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9), respectively. Jiangsu Alcha and Alcha International were also mandatory respondents and provided information to the administrative proceeding from which this matter arises. Plaintiffs thus have standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Plaintiffs filed a Summons with this Court on October 6, 2022, within 30 days from the date of publication of the Final Results. Plaintiffs' Complaint is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3 of the Rules of this Court, which requires that the Complaint be filed within 30 days of the Summons.

## STANDARD OF REVIEW

6. The Court must remand any administrative determination by the Department which is "unsupported by substantial evidence on the record as a whole, or is otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B).

## BACKGROUND

7. On April 1, 2021, the U.S. Department of Commerce, International Trade Administration, initiated the administrative review of the countervailing duty order covering common alloy aluminum sheet from the People's Republic of China for the period January 1, 2020, through December 31, 2020. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 17,124 (April 1, 2021).

8. On March 4, 2022, Commerce published preliminary results of this administrative review. *See Common Alloy Aluminum Sheet From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review; 2020,* 87 Fed. Reg. 12,429 (March 4, 2022). Commerce preliminarily determined that the countervailing duty margin for the Alcha Group was 17.33 percent.

9. The Department's preliminary determinations, findings, and conclusions are set out primarily in the February 25, 2022 "Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review of Common Alloy Aluminum Sheet from the People's Republic of China; 2020" (February 25, 2022).

10. On April 8, 2022, the Alcha Group submitted a case brief arguing *inter alia* that: (1) the Department's finding based on AFA that Alcha benefitted the export buyer's credit ("EBC") program is unsupported by substantial evidence; (2) the Department's application of AFA to find 17 percent VAT rate for the benchmark for primary aluminum for LTAR is unsupported by substantial evidence.

3

11. On September 6, 2022, Commerce published the final results for the Alcha Group, rejecting the arguments of Plaintiffs. *See Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 54,462 (September 6, 2022) ("*Final Results*").  The Department recalculated the final results for Alcha at the margin of 17.80 percent.

## STATEMENT OF CLAIMS

### COUNT ONE

### Export Buyer's Credit (EBC)

12. Paragraphs 1 through 11 are realleged and incorporated herein.

13. Record evidence establishes that the Alcha Group neither received the export buyer's credit (the "EBC") nor participated in any processes for its U.S. customers to apply for the EBC. The Department used adverse inference to decide that the Alcha Group used the EBC program. *See* Final Decision Memo, at 12-29.

14. The Department's determination that the Alcha Group used the EBC program is arbitrary, capricious, not supported by substantial evidence, and is otherwise not in accordance with law.

### COUNT TWO

### BENCHMARK FOR PRIMARY ALUMINUM FOR LESS THAN ADEQUATE REMUNERATION ("LTAR")

15. Paragraphs 1 through 14 are realleged and incorporated herein.

16. The record evidence establishes that the value added tax ("VAT") rate for the Alcha Group's purchases of primary aluminum is 13 percent during the POR.  In the Final

Results, the Department applied AFA to find a 17 percent VAT rate to adjust the benchmark for primary aluminum for LTAR. *See* Final Decision Memo, at 32-34.

17. The Department's application of AFA to find the 17 percent VAT rate for the benchmark for primary aluminum for LTAR is unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs, declare that the Department erred in the final results in the subject administrative review as alleged herein, and remand to the Department with instructions to publish new final results in conformity with the opinion of this Court. Specifically, the Plaintiffs pray that this Court remand the Department to:

a. Hold unlawful the determinations of Commerce identified above;

b. Remand this matter to Commerce for determinations consistent with the holding of this Court; and,

c. Grant Plaintiffs such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Daniel Cannistra*
Daniel Cannistra, Esq.
Pierce Lee, Esq.

Crowell & Moring
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Counsel for Plaintiffs Jiangsu Alcha Aluminum Co., Ltd. and Alcha International Holdings Limited

Dated: November 7, 2022

CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Court of International Trade, I, Daniel Cannistra, hereby certify that I have caused copies of the Complaint, in Jiangsu Alcha Aluminum Co., Ltd. et al. v. United States, Case No. 22-00290, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested on November 7, 2022.

**UPON THE UNITED STATES:**

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Supervision Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**UPON THE DEPARTMENT OF COMMERCE:**

Robert Heilferty, Esq.
Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Ave., NW
Washington, DC 20230

**Other Interested Parties**

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108
Phone: 202-342-8400
Email: jherrmann@kelleydrye.com

                                                            /s/ *Daniel Cannistra*
                                                                Daniel Cannistra